﻿Citation Nr: 19172628
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 19-20 588
DATE: September 19, 2019

REMAND

Entitlement to a disability rating in excess of 10 percent for left knee patellofemoral stress syndrome is remanded.

REASONS AND BASES FOR REMAND

The Veteran served on active duty from August 1992 to August 1996. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2017 rating decision.

A disability rating in excess of 10 percent for left knee patellofemoral stress syndrome is remanded.

The Veteran was afforded a June 2017 VA Knee and Lower Leg Conditions examination. The Board finds that the examination is inadequate. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate); See D’Aries v. Peake, 22 Vet. App. 97, 104 (2008) (holding that an examination is adequate when it is based on consideration of the claimant’s medical history and describes the disability in sufficient detail so that the Board’s evaluation of the disability will be a fully informed one). As discussed below, the Veteran must be afforded a retrospective medical opinion to comply with Sharp v. Shulkin, 29 Vet. App. 26 (2017).

VA examiners are required to obtain information from the Veteran as to the severity, frequency, and duration of flare-ups, as well as precipitating and alleviating factors, and the extent of functional impairment. Sharp, 29 Vet. App. at 32. VA examiners are also required to estimate the additional loss of range of motion during a flare-up based on all procurable information from the record, as well as the Veteran’s own statements. Id. at 34-35. If an estimate cannot be provided without resort to speculation, it must be clear whether this is due to a lack of knowledge among the medical community at large, or insufficient knowledge of the specific examiner. Id. at 36. 

The examination report indicates that the Veteran reports flare-ups of the knee and/or lower leg. The examination report states that the Veteran experiences left knee flares that result in pain of three or four out of ten. The examination report provides that the Veteran’s flares are described as an aching and throbbing sensation after prolonged sitting and driving due to forklift operation. The Veteran’s flare-ups are alleviated by rest and Ibuprofen according to the examination report. 

The examination report notes that the examination was not being performed during a flare-up. Further, the examination report demonstrates that the examiner could not say, without mere speculation whether pain, weakness, fatigability, or incoordination significantly limit functional ability with flare-ups or estimate the additional loss of range of motion during a flare-up because the examiner did not personally assess or witness a flare-up with examination and repeated joint assessment. It is not apparent why the examiner could not estimate additional functional loss or additional loss of range of motion based on the Veteran’s statements describing the flare-ups, or why the available information in the file was not sufficient to permit such an estimate.

Therefore, a retrospective medical opinion is necessary to capture the severity of the Veteran’s patellofemoral pain syndrome, left knee, with attention to the severity, frequency, and duration of the Veteran’s flare-ups, as well as precipitating and alleviating factors and the extent of functional impairment and an estimation of the additional loss of range of motion during a flare-up. See Chotta v. Peake, 22 Vet. App. 80 (2008) (when there is an absence of medical evidence during a certain period of time, a retroactive medical evaluation may be warranted). The retrospective opinion must estimate any additional degrees of limited motion caused by functional loss during a flare up and after repeated use over time.

1. Obtain the Veteran’s VA treatment records for the period from June 2017 to the present.

2. Ask the Veteran to complete a VA Form 21-4142 for any physicians and/or facilities relating to treatment for his patellofemoral stress syndrome, left knee, including from ThedaCare Medical Center – Waupaca. Make two requests for the authorized records from all physicians and/or facilities relating to treatment for his patellofemoral stress syndrome, left knee, including from ThedaCare Medical Center – Waupaca, unless it is clear after the first request that a second request would be futile.

3. After the above development is completed, obtain a retrospective medical opinion from an appropriate clinician regarding flare-ups of the Veteran’s patellofemoral stress syndrome, left knee. If the clinician determines that a new VA examination must be held prior to providing such an opinion, schedule the Veteran for an appropriate VA examination for his left knee.

(a.) The retrospective opinion, as best as can be ascertained from the Veteran’s self-reports as well as from clinical records and other evidence, including VA examination reports, must estimate any additional degrees of limited motion caused by functional loss during a flare-up or after repeated use. 

The Veteran reported flare-ups of his patellofemoral stress syndrome, left knee during the June 2017 VA Knee and Lower Leg Conditions Disability Benefits Questionnaire.

(b.) If it is not possible to provide an opinion regarding flare-ups, symptoms, or functional impairment without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

 

 

Mary E. Rude

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Mussey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.